1

```
 1                 UNITED STATES DISTRICT COURT
 2               SOUTHERN DISTRICT OF CALIFORNIA
 3
 4    UNITED STATES OF AMERICA,    )
                                   )
 5              PLAINTIFF,         )   CASE NO. 11CR4601-JAH
                                   )
 6    VS.                          )   SAN DIEGO, CALIFORNIA
                                   )
 7    JAMES CROWDER GRAVLEY, JR., )    THURSDAY,
                                   )   OCTOBER 18, 2012
 8              DEFENDANT.         )   2:45 P.M.
      _____ )
 9
10
                  REPORTER'S TRANSCRIPT OF PROCEEDINGS
11
                         RE-SENTENCING HEARING
12
             BEFORE THE HONORABLE JOHN A. HOUSTON
13                UNITED STATES DISTRICT JUDGE

14    APPEARANCES:

15    FOR THE GOVERNMENT:       LAURA E. DUFFY, U.S. ATTORNEY
                                BY:  TIMOTHY SALEL, ESQ.
16                              ASSISTANT U.S. ATTORNEY
                                880 FRONT STREET
17                              SAN DIEGO, CALIFORNIA  92101

18
      FOR THE DEFENDANT:        DAVID BAKER
19                              ATTORNEY AT LAW
                                419 19TH STREET
20                              SAN DIEGO, CALIFORNIA  92101

21

22
                         CAMERON P. KIRCHER
23                 CSR NO. 9427, RPR, CRR, RMR
                  880 FRONT STREET, ROOM 4290
24                 SAN DIEGO, CALIFORNIA  92101
                     PHONE:  (619) 239-4588
25                 E-MAIL:  CPKIRCHER@GMAIL.COM
```

COMPUTER-AIDED TRANSCRIPTION

2

1        SAN DIEGO, CALIFORNIA - THURSDAY, OCTOBER 18, 2012
2                          2:45 P.M.
3            THE CLERK:  ALL RIGHT.  THIS IS NO. 7.  IT'S
4    11CR4601, THE UNITED STATES OF AMERICA VERSUS JAMES CROWDER
5    GRAVLEY, JR.
6            MR. BAKER:  DAVID BAKER ON BEHALF OF JAMES GRAVLEY.
7    HE IS PRESENT BEFORE THE COURT, YOUR HONOR.
8            MR. SALEL:  TIMOTHY SALEL FOR THE UNITED STATES,
9    YOUR HONOR.
10           THE COURT:  THANK YOU.
11           GOOD AFTERNOON, SIR.
12           THE DEFENDANT:  GOOD AFTERNOON, SIR.
13           THE COURT:  I'VE ASKED THAT THIS MATTER BE PLACED ON
14   CALENDAR FOR STATUS REGARDING SENTENCING.
15           AND FOR THE RECORD, THE COURT STATES THAT AT THE
16   ORIGINAL SENTENCING IN THIS CASE, THE COURT HEARD ARGUMENTS
17   OF COUNSEL, I HEARD FROM THE DEFENDANT, AND THE COURT WAS OF
18   THE MIND OF THE FACTUAL SCENARIO, AND THE FACTUAL SCENARIO
19   WAS RATHER UNUSUAL, AND I CONTINUED THE MATTER FOR SENTENCING
20   SO I COULD STUDY IT ONCE AGAIN; SO WE HAD THAT SECOND
21   SENTENCING DATE ON OCTOBER 15TH, THIS PAST MONDAY.
22           AGAIN, AFTER REVIEWING THE MATERIALS, I HAD OTHER
23   QUESTIONS, AND I CHALLENGED BOTH COUNSEL TO CLARIFY SOME
24   FACTUAL SCENARIO -- THE FACTUAL SCENARIO FOR ME SO I COULD
25   UNDERSTAND EXACTLY HOW THIS PLAYED OUT BETWEEN 2006 AND JULY

1  OF 2008. AND THE PURPOSE OF ALL OF THAT WAS TO SEEK FURTHER
2  CLARIFICATION SO I COULD GAUGE THE NATURE AND EXTENT OF THE
3  MISCONDUCT IN THIS CASE.
4  　　　　MR. GRAVLEY, THAT'S NOT TO SAY THAT THIS WASN'T A
5  VERY SERIOUS CRIME IN THE COURT'S MIND, BUT MY -- BUT MY JOB
6  IS ALSO TO DETERMINE, ON AN INDIVIDUAL BASIS, YOU AS AN
7  INDIVIDUAL, THE NATURE AND EXTENT OF YOUR PARTICIPATION IN IT
8  AND ALLOW THAT TO INFORM THE COURT AS TO THE NATURE AND
9  EXTENT OF THE PUNISHMENT, TO ADDRESS THAT PARTICIPATION IN
10 THE OFFENSE.
11 　　　　UPON RECEIPT OF THAT INFORMATION, I MOVED ON TO
12 SENTENCE YOU ON MONDAY TO 13 MONTHS AND A DAY, ALONG WITH
13 SOME SIGNIFICANT CONDITIONS OF SUPERVISED RELEASE. AND AT
14 THAT TIME, I ATTEMPTED TO DIGEST THE INFORMATION THAT WAS
15 PRESENTED TO ME ON MONDAY, CORRELATE IT WITH THE OTHER
16 INFORMATION IN MY MIND BASED UPON THE PLEADINGS IN THE CASE,
17 AND I SENTENCED YOU TO THAT 13-MONTH SENTENCE. ON
18 REFLECTION, AFTER THAT SENTENCING, THE COURT IS OF THE MIND
19 THAT IN CONSIDERING THE 3553(A) FACTORS, THAT A DIFFERENT
20 RESULT SHOULD HAVE BEEN OBTAINED WITH RESPECT TO THE
21 SENTENCE.
22 　　　　THIS COURT SENTENCES MANY PEOPLE, 10 TO 15 PERSONS A
23 WEEK, 45 TO 50 WEEKS A YEAR, AND VERY RARELY -- I THINK MAYBE
24 ONCE, MAYBE TWICE IN THE LAST NINE YEARS -- THAT AFTER A
25 SENTENCING THAT I REFLECTED ON WHAT OCCURRED DURING THE

4

1  COURSE OF THAT PROCESS AND WHETHER OR NOT IT WAS FAIR AND
2  JUST UNDER THE 3553(A) FACTORS.  AND THIS WAS ONE OF THOSE
3  CIRCUMSTANCES, AND THAT'S WHY I CALLED YOU BACK HERE TODAY.
4  　　　　3553(A) MANDATES THAT THIS COURT AVOID UNWARRANTED
5  SENTENCE DISPARITIES.  AND AS YOU KNOW, THE COURT'S SENTENCE
6  WAS SIGNIFICANTLY LESS THAN THE GUIDELINES BECAUSE I FELT
7  THAT THAT WAS THE APPROPRIATE BALANCE BETWEEN YOUR INDIVIDUAL
8  CHARACTERISTICS AS WELL AS THE FACTS AND CIRCUMSTANCES OF THE
9  CASE, THE OTHER FACTORS UNDER 3553(A), AS WELL AS THE ONE
10 INVOLVING AVOIDING UNWARRANTED SENTENCE DISPARITIES, AND I
11 IMPOSED THAT SENTENCE.
12 　　　　ON REFLECTION, THE COURT IS CLEAR THAT I WAS WRONG,
13 AND WE COME BACK HERE TODAY PURSUANT TO RULE 35 IN MY MIND,
14 35(A), BECAUSE I BELIEVE THAT THE COURT INCORRECTLY REVIEWED
15 THE FACTS AND CIRCUMSTANCES AND THAT -- AND COMMITTED -- AND
16 THERE WAS LEGAL ERROR IN THAT SENTENCE, WHEN I LOOK TO THE
17 DICTATES OF THOSE FACTORS.  SO I WILL RESENTENCE YOU NOW.
18 OKAY.
19 　　　　PURSUANT TO SECTION 3553(A), FIRST, I ADOPT THE
20 PERSONAL HISTORY WE'VE DISCUSSED.  AND PURSUANT TO MY
21 FINDINGS THE LAST TIME WE WERE HERE, I ADOPT MY FINDINGS WITH
22 RESPECT TO THE PSYCHOLOGICAL ASSESSMENT.  I ADOPT MY FINDINGS
23 WITH RESPECT TO THE FORENSIC ANALYSIS WHICH REFLECTS NO
24 VIEWINGS OF IMAGES AFTER JULY 19TH, 2008, SHORTLY AFTER YOUR
25 RECEIPT OF THE DATA; THAT THE COMPUTER ON WHICH THE IMAGES

1    WERE FOUND WAS STORED IN THE GARAGE.  YOU WERE ARRESTED THREE
2    YEARS LATER, AND YOUR NEW REPLACEMENT COMPUTER OR LAPTOP HAD
3    NO EVIDENCE, NO INDICIA OF ENGAGING IN VIEWING IMAGES OF
4    THIS -- OF THE NATURE COMPLAINED OF HERE.
5         I ADOPT THE COURT'S FINDINGS ABOUT THE NINTH
6    CIRCUIT'S RECOGNITION THAT THE ONEROUS CONDITIONS OF
7    SUPERVISED RELEASE CAN AMOUNT TO PART AND PARCEL OF THE
8    PUNISHMENT.  AS WELL AS THE EXTENT -- A NEW FINDING IS THAT
9    THE COURT ALSO RECOGNIZES THE EXTENT OF YOUR TERM OF
10   PRE-TRIAL RELEASE, AND THE NINTH CIRCUIT'S NOTE THAT THE
11   COURT CAN CONSIDER PRE-TRIAL RELEASE AS A FACTOR TO CONSIDER
12   IN THAT REGARD.
13        I ADOPT THE COURT'S FINDINGS WITH RESPECT TO THE
14   NUMBER OF IMAGES.  IN THE COURT'S MIND, THE NUMBER OF IMAGES
15   WERE AT THE LOW END OF THE SCALE THAT WARRANTED THE PLUS
16   THREE.  AND THAT CIRCUMSTANCE WAS A DIFFERENT ONE FROM THE
17   ROUTINE CHILD PORNOGRAPHY CASE THAT THE COURT HEARS.
18        I ALSO MADE FINDINGS WITH RESPECT TO THE NATURE OF
19   THE CRIMINAL ACTIVITY.  AND THIS IS WHERE, BASED UPON THE NEW
20   INFORMATION I RECEIVED ON MONDAY, THE COURT IS OF THE MIND
21   THAT IT DIDN'T FULLY DIGEST WHAT WAS BEING SHARED WITH THE
22   COURT, AND I HAVE SOME NEW FINDINGS IN THAT REGARD THAT WILL
23   GUIDE THIS DETERMINATION.
24        I'VE STARTED WITH 3553(A), IN THAT THE COURT ADOPTS
25   THE GUIDELINE RANGE THAT I PREVIOUSLY FOUND.  SO I'M NOT

1  GOING THROUGH THE GUIDELINES AGAIN. I ADOPT THAT RANGE. I'M
2  ADDRESSING ONLY THE 3553(A) FACTORS HERE.
3  　　　　　WITH RESPECT TO THE NATURE AND EXTENT OF THE
4  CRIMINAL ACTIVITY, THE COURT FINDS THAT IN 2006, YOUR CREDIT
5  CARD WAS USED TO PURCHASE WHAT WAS CONSIDERED BY LAW
6  ENFORCEMENT TO BE IMAGES OF CHILDREN. IMPORTANTLY, THOSE
7  IMAGES WERE NOT FOUND ANYWHERE; THEY WERE NOT FOUND ON THE
8  COMPUTER FROM WHICH THEY WERE PURPORTEDLY ORDERED. NOW, THE
9  GOVERNMENT HASN'T PRODUCED ANY EVIDENCE THAT THOSE WERE
10 ACTUALLY DELIVERED OR THEY WERE ACTUALLY DOWNLOADED TO YOUR
11 COMPUTER, AND CERTAINLY THERE HAS BEEN A FORENSIC ANALYSIS OF
12 YOUR COMPUTER. THOSE IMAGES WERE NOT FOUND.
13 　　　　　A YEAR LATER LAW ENFORCEMENT EVENTUALLY OBTAINED
14 YOUR E-MAIL ADDRESS AS A RESULT OF THAT PURCHASE AND BEGAN TO
15 CONTACT YOU AND HAVE CONVERSATIONS VIA E-MAIL BETWEEN
16 SEPTEMBER AND DECEMBER OF 2007 TO ENCOURAGE YOU TO PURCHASE
17 PRODUCT, IMAGES. AND YOU EVENTUALLY PURCHASED THREE SETS OF
18 IMAGES -- I BELIEVE THEY WERE $20 EACH, A TOTAL OF $60 -- IN
19 DECEMBER OF 2007.
20 　　　　　SHORTLY AFTER DECEMBER 2007, YOU WERE CONTACTED BY
21 THE SELLER, LAW ENFORCEMENT OFFICERS POSING AS SELLERS OF
22 THIS MATERIAL, AND YOU WERE TOLD THAT THERE WERE SOME ISSUES
23 WITH RESPECT TO TRANSMITTING THOSE IMAGES TO YOU. EIGHT
24 MONTHS LATER YOU WERE CONTACTED AGAIN BY LAW ENFORCEMENT TO
25 SEE WHETHER OR NOT YOU WERE STILL INTERESTED IN THAT

1    MATERIAL, AND YOU INDICATED THAT YOU WERE.
2            WHAT'S SIGNIFICANT HERE THAT I APPEARED TO
3    OVERLOOK -- I'M CLEAR THAT I OVERLOOKED ON MONDAY -- WAS THAT
4    BETWEEN DECEMBER 2007 AND JULY OF 2008, YOU DID NOTHING TO
5    SEEK OR OBTAIN THE MATERIAL THAT YOU PAID FOR FROM THE SELLER
6    OF THAT MATERIAL.  THERE IS NO EVIDENCE THAT YOU WERE
7    ANXIOUSLY AWAITING THE IMAGES.  IN FACT, IN JULY OF 2008, LAW
8    ENFORCEMENT HAD TO CONTACT YOU TO SEE IF YOU STILL WANTED IT.
9            ON MONDAY, FROM THESE FACTS THE COURT SURMISED THAT
10   EVEN THOUGH YOU COMPLAINED IN YOUR ARGUMENT ABOUT SIGNIFICANT
11   LAW ENFORCEMENT ACTIVITY TO ENCOURAGE YOU TO OBTAIN THIS
12   MATERIAL, THE COURT FOUND THAT YOUR PURCHASE IN 2006
13   INDICATED THAT YOU WERE PREDISPOSED TO DO THESE THINGS AND
14   THAT I WOULD GIVE LITTLE WEIGHT TO LAW ENFORCEMENT'S EFFORTS
15   TO CAUSE YOU TO OBTAIN THESE MATERIALS.
16           AGAIN, ON REFLECTION, THERE IS NO EVIDENCE ABOUT
17   PRE-FALL 2007 ACTIVITY, VIEWING ACTIVITY ON YOUR PART.  THE
18   ONLY EVIDENCE IS THAT THERE WAS A PURCHASE WITH YOUR CREDIT
19   CARD FROM THAT SAME COMPUTER, BUT NO EVIDENCE AFTER A
20   FORENSIC EXAMINATION THAT YOU ACTUALLY OBTAINED STUFF,
21   DOWNLOADED IT, TO REFLECT THAT YOU WERE REALLY PREDISPOSED TO
22   HANDLE IT; AND THAT'S WHAT HAS DISTURBED THE COURT.
23           AND FROM SEPTEMBER '07 TO DECEMBER '07, YOU WERE
24   PURSUED BY LAW ENFORCEMENT TO ENCOURAGE YOU TO BUY THIS
25   MATERIAL.  YES, YOU RESPONDED TO E-MAILS, BUT YOU WERE

1  CONTINUOUSLY ENCOURAGED TO BUY THE MATERIALS UNTIL YOU DID SO
2  IN DECEMBER OF 2007.  AND, THEREAFTER, AFTER IT WAS
3  DELIVERED, YOU DID NOTHING TO TRY TO ACTIVELY OBTAIN WHAT YOU
4  HAD PURCHASED.  THEY HAD TO COME AFTER YOU AGAIN TO SEE IF
5  YOU WANTED IT.
6          THIS IS NOT INDICATIVE, IN THE COURT'S MIND, OF AN
7  INDIVIDUAL WHO IS SO PREDISPOSED TO VIEWING CHILD
8  PORNOGRAPHY, AS IS THE ORDINARY CASE HERE THAT I SEE IN --
9  WELL, IN ANY OTHER CASE THAT'S COME BEFORE THIS COURT.  IT'S
10 NOT THE TYPE OF ACTIVITY OR INTENTION OF A DEFENDANT, TO
11 REFLECT THAT THERE IS THIS ACTIVE REGARD TO VIEW THIS
12 MATERIAL AND TO JUST DELVE INTO THIS AREA, JUST TO
13 CONSCIOUSLY AND CONTINUOUSLY ABUSE CHILDREN BY PURCHASING AND
14 DOWNLOADING THIS MATERIAL.
15         OVER AND ABOVE THAT, YOU NEVER STORED THE MATERIALS
16 ONCE YOU RECEIVED THEM.  THEY WERE NEVER STORED OR CACHED IN
17 YOUR COMPUTER.  THEY WERE IN A TEMPORARY FILE.  THE EVIDENCE
18 IS THAT YOU PROBABLY LOOKED AT THEM TWICE THROUGH THE
19 TEMPORARY FILE.  THEY WERE NEVER DOWNLOADED, STORED OR IN ANY
20 TYPE OF WAY WHERE YOU CAN SAVE THEM AND CONTINUE TO WATCH
21 THEM, AS IS THE ORDINARY COURSE OF DEFENDANTS THE COURT FINDS
22 IN THIS DISTRICT.
23         THREE MONTHS LATER THERE IS A SEARCH WARRANT
24 EXECUTED AT YOUR HOME.  THAT COMPUTER IS IN THE GARAGE,
25 STORED AWAY.  YOU'VE PURCHASED NEW EQUIPMENT.  AND THE AGENTS

1   FOUND THOSE IMAGES ON THAT STORED-AWAY EQUIPMENT, BUT NO
2   IMAGES ON THE COMPUTERS YOU WERE ACTUALLY USING.  AGAIN, A
3   REFLECTION OF A LACK OF INTENT TO FURTHER YOUR INTEREST.  IT
4   REFLECTS NO SIGNIFICANT INTEREST, IN THE COURT'S MIND, OF
5   CONTINUING TO VIEW THIS MATERIAL AND CONTINUING TO ABUSE
6   CHILDREN IN THIS WAY.
7           THAT DOESN'T MEAN THAT IT'S NOT A CRIME.  I'M NOT
8   CHALLENGING THE FACT THAT THIS CASE WAS INDICTED.  YOU
9   PURCHASED MATERIAL THAT WAS SENT TO YOU, YOU DID A LOOK/SEE
10  AT IT, AND AS THIS COURT FOUND PREVIOUSLY, THAT LOOK/SEE WAS
11  IN THE NATURE OF A CLICK AND VIEW.
12          THIS IS A SERIOUS CRIME, BUT, AGAIN, WHEN I VIEW
13  YOUR CONDUCT IN LIGHT OF THOSE -- OF THE CONDUCT OF ALMOST
14  EVERY OTHER DEFENDANT IN A CASE LIKE THIS, THIS IS NOT THE
15  TYPE OF UTILIZATION OF IMAGES THAT WE SEE NORMALLY IN THIS
16  PARTICULAR DISTRICT.  THREE YEARS LATER YOU WERE ARRESTED.
17  THERE IS NO EVIDENCE THAT UPON YOUR ARREST THAT ANY
18  ADDITIONAL INDICIA OF MISCONDUCT IN TERMS OF VIEWING THIS
19  TYPE OF MATERIAL WERE FOUND BY LAW ENFORCEMENT.
20          SO THE COURT LOOKS TO YOUR POST-OFFENSE CONDUCT, THE
21  FACT THAT THERE IS NO EVIDENCE OF ACTUAL IMAGES VIEWED FROM
22  THE 2006 PURCHASE, THE MANNER IN WHICH LAW ENFORCEMENT
23  ENCOURAGED YOU TO BUY IN DECEMBER OF 2007, YOUR LACK OF
24  APPARENT CONCERN AND LACK OF ANY STRONG INTEREST IN THE
25  RECEIPT OF THOSE IMAGES THAT YOU PURCHASED BY YOUR NOT

1    ANXIOUSLY CALLING THAT SOURCE TO HAVE WHAT YOU PAID FOR SENT
2    TO YOU BECAUSE YOU WERE WAITING WITH BATED BREATH TO REVIEW
3    IT.  AND SEVEN OR EIGHT MONTHS LATER, LAW ENFORCEMENT HAD TO
4    APPROACH YOU AGAIN TO SEE IF YOU WANTED IT.  AND YOU DID
5    INDICATE THAT YOU DID, BUT THERE WAS NO ACTIVE EFFORT ON YOUR
6    PART TO OBTAIN THIS MATERIAL SO YOU COULD REVIEW IT.
7             AND SO CONSIDERING THESE FACTORS, UNDER 3553(A), IN
8    ADDITION TO CONSIDERING AVOIDING AN UNWARRANTED SENTENCE
9    DISPARITY, ANOTHER FACTOR THE COURT CONSIDERS IS WHAT I WOULD
10   FRAME AS AN IMPERFECT ENTRAPMENT DEFENSE IN GETTING YOU TO
11   OBTAIN THIS UNDER 3553(A).
12            SO BASED UPON THOSE CIRCUMSTANCES, THE COURT
13   MODIFIES YOUR SENTENCE AS FOLLOWS:  YOU'RE SENTENCED TO TIME
14   SERVED.  THERE SHALL BE NO FINE.  YOU SHALL PAY THE $100
15   SPECIAL ASSESSMENT.  AND YOU ARE PLACED ON SUPERVISED RELEASE
16   FOR FIVE YEARS INSTEAD OF SEVEN YEARS.  THE TERMS OF
17   SUPERVISED RELEASE SHALL REMAIN THE SAME AS PREVIOUSLY
18   IMPOSED, EXCEPT THERE IS AN ADDITIONAL CONDITION OF
19   SUPERVISED RELEASE.  YOU ARE TO SERVE SIX MONTHS IN A HALFWAY
20   HOUSE AS A CONDITION OF SUPERVISED RELEASE.
21            I FAILED TO ADDRESS RESTITUTION AT THE LAST HEARING.
22   THE COURT IS MANDATED TO CONSIDER AND TO ADDRESS RESTITUTION
23   IN THESE MATTERS.  AND THE COURT FINDS THAT RESTITUTION IS
24   NOT APPROPRIATE IN THIS CASE, IN LIGHT OF, NUMBER ONE, THE
25   LIMITED NATURE AND EXTENT OF THE VIEWING.  WHILE TAKING INTO

1  ACCOUNT THE IMPACT IT HAS ON THE VICTIMS INVOLVED IN THIS
2  TYPE OF ACTIVITY, BUT THERE IS NO WAY TO ADEQUATELY PRORATE
3  OR TO ASSESS THE DAMAGE OF INDIVIDUAL VICTIMS, IN LIGHT OF
4  THE NATURE AND EXTENT OF YOUR USE AND THE NATURE AND EXTENT
5  OF THE DAMAGE FROM OTHER USES.  THE COURT FINDS THAT THE
6  IMPOSITION OF RESTITUTION IS INAPPROPRIATE IN THIS CASE.
7          I BELIEVE THAT COVERS IT.
8          THE DEFENDANT:  YOUR HONOR, I HAVE NO WORDS TO
9  EXPRESS MY THANKS.
10         THE COURT:  YOU NEED NOT DO THAT, SIR.  THIS IS NOT
11 A SYMPATHETIC SENTENCE.  I'M NOT DOING THIS BECAUSE I THINK
12 YOU -- I APPRECIATE YOUR PERSONAL HISTORY AND
13 CHARACTERISTICS.  THIS HAS NOTHING TO DO WITH SYMPATHY OR
14 GENEROSITY.  THE COURT IS OF THE MIND THAT THIS IS AN
15 APPROPRIATE SENTENCE, IN LIGHT OF ALL THE FACTS AND
16 CIRCUMSTANCES IN THIS CASE.
17         THE DEFENDANT:  I WAS PREPARED TO SERVE THE SENTENCE
18 THAT WAS IMPOSED ON MONDAY.  AND IT WAS GOING TO BE A
19 HARDSHIP ON MY FIANCEE AND FAMILY.  BUT THIS IS MORE THAN A
20 PERSON COULD ASK FOR.
21         THE COURT:  THE COURT IS OF THE MIND THAT THIS
22 SENTENCE IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY UNDER
23 ALL THE CIRCUMSTANCES.
24         THE DEFENDANT:  I APPRECIATE THAT.
25         THE COURT:  YOU'RE WELCOME, SIR.

```
                                                                12

1             MR. BAKER:  THANK YOU, YOUR HONOR.
2             THE COURT:  ALL RIGHT.  AND ANY OBJECTION TO, AGAIN,
3    THAT SUPERVISED RELEASE TERMS PREVIOUSLY IMPOSED BE PRESENTED
4    TO YOU THROUGH THE JUDGMENT, AS OPPOSED TO HERE IN COURT?
5             MR. BAKER:  THAT WOULD BE FINE, YOUR HONOR.  NO
6    OBJECTION.
7             THE COURT:  ALL RIGHT.  MR. GRAVLEY.
8             THE DEFENDANT:  I HAVE NO PROBLEM WITH THAT, SIR.
9    THANK YOU.
10            THE COURT:  ALL RIGHT.  I DIRECT THAT YOU REPORT TO
11   THE PROBATION OFFICER ACROSS THE STREET AND COORDINATE WITH
12   THE PROBATION OFFICER WITH RESPECT TO THE TIMING.
13            YOU'RE PRE-TRIAL SERVICES.
14            MR. ALEJANDRO:  YOUR HONOR, RYAN ALEJANDRO WITH
15   PRE-TRIAL SERVICES.
16            THE COURT:  ALL RIGHT.  I'VE IMPOSED A SENTENCE.
17   SHOULD HE REPORT TO PROBATION NOW, OR YOU HANDLE THIS?
18            MR. ALEJANDRO:  WE WOULD USUALLY -- IF IT'S TIME
19   SERVED OR ANY TYPE OF PROBATION, HE IS REQUIRED TO REPORT TO
20   THE PROBATION OFFICE AS SOON AS POSSIBLE.
21            THE COURT:  YES.  ALL RIGHT.  AND YOU MAY REMAIN AT
22   HOME UNTIL THE PROBATION OFFICER OBTAINS BED SPACE FOR YOU TO
23   SERVE THE SIX MONTHS.
24            THE DEFENDANT:  ALL RIGHT.  YES, SIR.
25            THE COURT:  ALL RIGHT.
```

```
                                                                   13

1              MR. BAKER:  THANK YOU, YOUR HONOR.
2              THE COURT:  BOND IS EXONERATED.
3              AND, AGAIN, DO YOU UNDERSTAND YOU'VE WAIVED YOUR
4    RIGHT TO APPEAL AND TO COLLATERALLY ATTACK YOUR CONVICTION
5    AND SENTENCE?
6              THE DEFENDANT:  YES, YOUR HONOR.
7              THE COURT:  ALL RIGHT.  THAT'S ALL.
8              THE DEFENDANT:  THANK YOU.
9              MR. BAKER:  WOULD YOU LIKE ME TO PREPARE AN ORDER
10   FOR THE BOND EXONERATION, YOUR HONOR?
11             THE COURT:  NO.  IT'S EXONERATED, SIR.
12             MR. BAKER:  OKAY.  THANK YOU.
13             THE COURT:  THAT'S ALL.
14             (PROCEEDINGS CONCLUDED AT 3:01 P.M.)
15                           --O0O--
16                     C E R T I F I C A T I O N
17             I HEREBY CERTIFY THAT I AM A DULY APPOINTED,
     QUALIFIED AND ACTING OFFICIAL COURT REPORTER FOR THE UNITED
18   STATES DISTRICT COURT; THAT THE FOREGOING IS A TRUE AND
     CORRECT TRANSCRIPT OF THE PROCEEDINGS HAD IN THE
19   AFOREMENTIONED CAUSE; THAT SAID TRANSCRIPT IS A TRUE AND
     CORRECT TRANSCRIPTION OF MY STENOGRAPHIC NOTES; AND THAT THE
20   FORMAT USED HEREIN COMPLIES WITH THE RULES AND REQUIREMENTS
     OF THE UNITED STATES JUDICIAL CONFERENCE.
21
               DATED:  OCTOBER 23, 2012, AT SAN DIEGO, CALIFORNIA.
22
                                      S/CAMERON P. KIRCHER
23                                    CAMERON P. KIRCHER
24
25


                      COMPUTER-AIDED TRANSCRIPTION
```